AUDITOR GENERAL v. AYER.

1. TAXATION — BOARDS OF SUPERVISORS — RECORD OF EQUALIZATION.
   Auditor General v. Sparrow, 116 Mich. 574, affirming the sufficiency of a record of equalization of taxes by a board of supervisors, approved.

2. SAME—BOARDS OF REVIEW—SUFFICIENCY OF CERTIFICATE.
   Under section 37 of the tax law of 1893, providing that if it shall appear to the board of supervisors, at its October session, that any certificate, paper, or record submitted to it is not properly certified, the board may authorize and require such defect or omission to be corrected, it is immaterial that the certificate of the board of review to an assessment roll is dated in the October following the review.

3. SAME—FIXING VALUATIONS—INVALID AGREEMENT.
   An arrangement by a board of review that all lands owned by several taxpayers in the north half of the township shall be assessed at a uniform value is invalid.

4. SAME—SUBSEQUENT ENTRY ON ROLL.
   Where the board of review meets and acts upon the question of values at the time provided by law, it is immaterial that the entry upon the roll of the values so fixed is not made until afterwards.

Appeal from Gogebic; Haire, J. Submitted October 26, 1899. Decided December 2, 1899.

Petition by Roscoe D. Dix, auditor general, for the sale of lands delinquent for taxes: On objections filed by Frederick Ayer and others. From a decree for petitioner, defendants appeal. Affirmed.

*C. E. Miller*, for petitioner.

*M. J. Sherwood*, for defendants.

LONG, J. This is an appeal from the decision of the circuit court in chancery of Gogebic county in a proceeding by the auditor general under the statute for the sale of lands for the taxes delinquent for 1895. The taxes involved are the state and county taxes for the year 1895 in the townships of Bessemer, Wakefield, Watersmeet, and Marenisco, and the entire of the taxes in the township of Ironwood. The respondents contend that these taxes are void for the reasons:

(1) That the pretended equalization of the board of supervisors was not in accordance with the statute, in that it did not show the additions and deductions made by the board in reaching the equalized valuations.

(2) That it was an attempted equalization, if anything, of the entire property of the cities and townships, both real and personal.

(3) That the total equalized valuation, as fixed by the board, was not so fixed by the judgment of the board.

(4) That large quantities of personal property and $125,000 of real property in the township of Bessemer were not added into the total valuations in the said roll, and were not considered by the board in fixing its equalized valuation.

(5) That no statements of the value of property were called for or received by the assessing officer in the township of Wakefield or in the city of Ironwood.

(6) That the board of supervisors, though large additions and deductions were made in the various rolls, never found as a fact or determined that the real property had not been uniformly estimated at its cash value by the various assessing officers and boards of review.

The court below overruled these objections, and entered a decree for the sale of the lands in accordance with the petition of the auditor general; and the respondents, who are the owners of the lands, have appealed.

1. It is unnecessary to set out here the action of the board of supervisors in the equalization of the taxes any further than to remark that the record shows the action to be similar to that in *Auditor General* v. *Sparrow*, 116 Mich. 574, and in which it was held that the record of the equalization was sufficient. In that case this whole question was discussed at length, and settles against the respondents the question raised here.

2. There is nothing in the record showing or tending to show that the board of supervisors undertook in any way to change the value of personal property as fixed by the assessing officer.

3. There is no proof in this record tending to show that any real or personal property was omitted by the board of review which should have been included. In regard to respondents' claim that $125,000 of personal property was assessed in the township of Bessemer upon which no taxes were assessed, we have examined the original assessment roll, and are satisfied that counsel for respondents is mistaken as to what the roll shows. The assessment of the personal property mentioned does not read $125,000, but $12,500, and the tax is carried out upon that amount.

4. It is contended that all the taxes for 1895 are invalid in the township of Ironwood, and it is asserted that the board of review, or some party without authority, altered the valuations of the lands of the respondents after the board of review had fixed the valuations at the several meetings of the board; that the valuations of the supervisor throughout the entire roll were thus altered and changed on lands other than the respondents'. Counsel for respondents claims that the testimony shows that Mr. Longyear, who is one of the respondents, acting for himself and as the agent of the other contestants, appeared before the board of review at its second meeting, on May

27th, and again on the following day; that three members
of the board of review were present, and at Mr. Long-
year's request the board unanimously fixed the valuation
of the lands of the respondents lying north of the line ex-
tending through the middle of township 48 north at $1.25
per acre, and agreed that the lands lying south of that
line should remain as fixed by the supervisor; that at that
time none of the valuations as fixed by the supervisor had
been changed by the board of review; that early in July a
part of the roll had been changed, and the column for the
"Valuations as Fixed by the Board of Review" had been
filled in for the descriptions in the north part of the town,
but that the roll as finally completed showed alterations in
the valuations of lands, not only in the north part, but all
over the township, and the valuations of many of the
lands of respondents had been fixed above $1.25 per acre,
and that many of the supervisor's valuations had been
changed, some being raised and some lowered; that no
certificate of the board of review was attached  until
October 18, 1895.

It is apparent that the date of the certificate can have
no effect upon the question of the validity of these taxes,
as, under the tax law of 1893, by section 37, it is provided
that, whenever it shall appear to the board of supervisors
that any certificate, paper, or record is not properly certi-
fied, the board may authorize and require such defect or
omission to be corrected.   It must be presumed that the
certificate was made as required by law.

We think the testimony in the case does not bear out
the contention made by counsel for respondents.   It ap-
pears from the testimony that the board made no memo-
randum of its arrangement made with Mr. Longyear, and
that there was no evidence of the value of these various
descriptions introduced before the board of review; that
some of these lands were worth much more than $1.25 an
acre, and some much less; and that Mr. Longyear did
not own all these lands.   It appears that, if the board had
carried out this agreement, the result would have been

that the property of some of these taxpayers would have been assessed much higher than the real value, and some much lower. The board did not carry out the agreement, and it was not in error in not doing so. No arrangement could legally be made by which the whole or half of a township should be assessed at a uniform value. Each parcel must be assessed at its true cash value, so that there may be protection to each taxpayer, and in no other way could the taxpayer be protected. There is no testimony tending to show that the board of review met after the time fixed by the statute. It is true that there is testimony showing that the entries of the amounts fixed by the board were not made at that time; but the carrying out of the amounts fixed by the board was mere clerical work, and, if the board actually acted upon the question of values at the time fixed, the fact that such values were not carried out in the appropriate column within the time was but an irregularity, which would not make the taxes void. The case is not like *Auditor General* v. *Sparrow, supra*. In that case the agent of Mr. Sparrow went to the township of Watersmeet for the purpose of a hearing before the board of review. The agent found the roll completed to page 27 only; and it was held that all taxes appearing upon the roll after that page were invalid. As to the taxes in the township of Wakefield, the record showed that on the 28th and 29th of May the board had passed a general resolution making sweeping alterations in the roll by way of reduction. It was held that the board had no right at that meeting to take the action it did. In that case, however, no question arose but that the board acted in changing valuations after the time provided by law. In the present case the record does not show the amounts as originally assessed against the lands of the respondents, and this court cannot say as a matter of fact that the valuations upon the lands of these respondents were raised at all. Therefore it does not appear that the respondents are in any manner injured by the action taken.

The court below was not in error in the decree made. That decree must be affirmed, with costs.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. GRANT, C. J., did not sit.